**The below described is SIGNED.**

**Dated: January 12, 2012** 

                                 **R. KIMBALL MOSIER**
                                 **U.S. Bankruptcy Judge**



_____

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF UTAH
# CENTRAL DIVISION

| | |
|---|---|
| In re: | |
| Uchenna Victor Amakom and<br>Lara Jane Amakom, | Bankruptcy No. 10-29079 |
|         Debtors. | |
| | |
| Stephen W. Rupp, Chapter 7 Trustee, | |
|         Plaintiff, | Adversary Proceeding 11-02226 |
| v. | |
| Todd Rasmussen and<br>Dannette Rasmussen, | |
|         Defendants. | |

## MEMORANDUM DECISION ON MOTION FOR DEFAULT JUDGMENT

This matter came before the Court on the motion for entry of default judgment filed by Stephen W. Rupp (Trustee), Trustee in the above-captioned bankruptcy case on October 21, 2011 (Motion). The Court held a hearing on the Motion on November 22, 2011. Only Mr. Rupp appeared at the hearing. At the conclusion of the hearing, the Court took this matter under advisement to determine whether to enter default judgment.

After careful review of the statutory authority, the case law, the pleadings and arguments, the Court issues the following Memorandum Decision, which will constitute its findings of fact and conclusions of law.

## I.  JURISDICTION AND VENUE

This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is appropriate under 28 U.S.C. § 1408.

## II.  BACKGROUND AND FINDINGS OF FACT

On July 6, 2010, Uchenna Victor Amakom and Lara Jane Amakom (Debtors) filed a petition for relief under chapter 7 of the Bankruptcy Code. The Debtors own a piece of property at 192 Crystal Bay Drive, Stansbury Park, UT 84074 (Property). On February 8, 2011, the Trustee filed a complaint (Complaint) against Todd Rasmussen and Dannette Rasmussen (Rasmussens) alleging breach of a prepetition rental agreement and a fraudulent transfer claim for use of the Property without paying rent and requesting money damages for those months during which the Rasmussens allegedly occupied the Property without paying rent. The factual bases for the Complaint are contained in paragraphs 4-11, which state:

> 4. Prior to the filing of the bankruptcy petition, the debtors entered into a residential rental agreement with the Defendants Todd Rasmussen and Dannette Rasmussen.
>
> 5. According to the rental agreement, the Defendants were to pay $1,195.00 for their renting of the property at 192 Crystal Bay Drive, Stansbury Park, UT 84074.
>
> 6. Upon the filing of the bankruptcy case, the property at 192 Crystal Bay Drive, Stansbury Park, Utah 84074 became property of the Amakom Chapter 7 bankruptcy estate.
>
> 7. The Amakoms testified at the First Meeting of Creditors that the Rasmussens

2

were in default at the time of the filing of their bankruptcy petition. They further testified that the Rasmussens were still in possession of the property as of the date of the filing of the bankruptcy petition.

8. The Trustee/Plaintiff mailed a letter to the Rasmussens dated August 25, 2010 whereby the Trustee informed the Rasmussens that they were five months in arrear of paying rent for the months of April, May, June, July and August, 2010. The total amount of rent due and owed by the Rasmussens for their occupancy and possession of the property was $6,600.00 as of August, 2010.

9. The Rasmussens were also directed to pay the rental value of the property directly to the Trustee for the months of September and thereafter.

10. The Rasmussens failed to respond to the letter of the Trustee. The Rasmussens have failed to pay any of the rent amount in arrears. The Defendants have failed to pay any rent since September 1, 2010.

11. The Defendants have possessed, occupied and enjoyed the Crystal Bay Drive property without paying fair consideration and value for their use, occupancy and enjoyment of the property.

The certificate of service of the summons filed by Mr. Rupp on June 21, 2011, showed that service was made by regular mail and certified mail on the Rasmussens at the address of the Property, but the certified mail was returned as "unclaimed." No response to the Summons and Complaint has been filed by the Rasmussens.

On June 14, 2011, this Court entered an Order to Show Cause why this adversary proceeding should not be dismissed for lack of prosecution. On July 5, 2011, the Trustee filed an Affidavit for Entry of Default and Default Judgment seeking a default judgment against the Rasmussens in the amount of "$6,600 plus $1,195.00 for each month since and including September 2010 for which they have not paid the rental value of the property." The Clerk of the Court entered the Rasmussens' default on July 6, 2011, but the Court did not enter default judgment and informed the Trustee that a hearing on the default judgment would be required. On October 14, 2011, the Court entered a second Order to Show Cause why the case should not

3

be dismissed for lack of prosecution. On October 21, 2011, the Trustee filed the Motion and a Notice of Hearing on the Motion. No responses were filed, and the Court held a hearing on this matter on November 22, 2011 at which only Mr. Rupp appeared.

## III.   DISCUSSION

Federal Rule of Bankruptcy Procedure 9011 requires that a complaint be made to "the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances." The Rule also requires that "the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." The Supreme Court has held that "although the pleading and amendment of pleadings rules in federal court are to be liberally construed, the administration of justice is not wellserved by the filing of premature, hastily drawn complaints." *Burnett v. Grattan*, 468 U.S. 42, 51 n.13 (1984). Prior to filing a pleading, a litigant has an "affirmative duty to conduct a reasonable inquiry into the facts and the law." *In re Hermosilla*, 450 B.R. 276, 291 (Bankr. D.Mass. 2011)(quoting *Business Guides, Inc. v. Chromatic Communications Enterps., Inc.,* 498 U.S. 533 (1991)). A good faith belief in the merit of an argument is not sufficient. *White v. General Motors Corp., Inc.*, 908 F.2d 675, 680 (10th Cir. 1990).

In this case, the Court concludes that the Complaint by the Trustee against the Rasmussens is deficient in a number of respects that preclude default judgment at this time. While there is no rental agreement attached to the Complaint, the Court will assume that the Trustee has reviewed the agreement, and that the allegations set forth in paragraphs 4 and 5 of the Complaint are based on such a review. Although the Complaint alleges that the Debtors testified that the Rasmussens were "in default" at the time of the filing of their petition, the Complaint provides no further detail of the

default or for the basis of the Trustee's allegations. The Complaint does not allege that the Debtors testified in detail regarding the default or whether the Trustee has an independent basis for the allegations with respect to the default. The Complaint also alleges that the Debtors testified that the Rasmussens were in possession of the Property at the time of they filed their petition, but the Trustee provides no basis for the allegation that the Rasmussens remained in possession of the property after that time. Other than the general allegation that "[t]he Defendants have possessed, occupied and enjoyed the Crystal Bay Drive property without paying fair consideration and value for their use, occupancy and enjoyment of the property" the complaint fails to specifically allege the period of time the Rasmussens have occupied the property. On its face, the complaint is not based on the Trustee's personal knowledge or belief formed after reasonable inquiry but simply an assumption that the Rasmussens have resided in the property after the petition date and that they still have possession of the Property. Because it appears from the complaint that many allegations are not based on the Trustee's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances and because the complaint lacks specificity with respect to the Rasmussens' alleged default and the amount of damages, default judgment is not appropriate at this time.

Rule 7004 of the Bankruptcy Code requires that service be made upon an individual "by mailing a copy of the summons and complaint to the individual's dwelling house or usual place of abode or to the place where the individual regularly conducts business." In order for a Court to grant default judgment, the Court must be satisfied that due process has been satisfied and that parties received proper service of the complaint. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the

5

circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."). The Tenth Circuit Court of Appeals has held that personal service under Federal Rule of Civil Procedure 4, the civil equivalent of Bankruptcy Rule 7004, has two purposes: "notifying a defendant of the commencement of an action against him and providing a ritual that marks the court's assertion of jurisdiction over the lawsuit." *Oklahoma Radio Associates v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir. 1992). Thus, proper service on a defendant in an adversary proceeding "is not an empty formality that may be dispensed with in order to improve the efficiency of the bankruptcy system." *In re Gannon*, 2011 WL 2604844 at *4 (Bankr. D.Kan. June 30, 2011). "[W]hen notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *DeJulius v. New England Health Care Employees Pension Fund*, 429 F.3d 935, 944 (10th Cir. 2005)(quoting *Mullane* 339 U.S. at 315).

In this case, the Trustee waited over 7 months from the petition date to file this adversary proceeding and the motion for default was filed more than one year after the petition date. After such a lengthy delay there can be no presumption that the Property which the Rasmussens leased at the time of the petition continues to be the Rasmussens' "dwelling house or usual place of abode." The Trustee has stated no personal knowledge that the Rasmussens continue to maintain possession of Property. Indeed, the fact that the certified mail was returned as "unclaimed" casts doubt on the fact that the Rasmussens still reside in the Property. *See Jones v. Flowers*, 547 U.S. 220, 234 (2006)(discussing how unclaimed certified mail may not be sufficient service and suggesting follow-up procedures). As such, the Court is not satisfied that proper service of the Complaint was effected.

6

## IV. CONCLUSION

Based on the foregoing, the Trustee's Motion for Default Judgment should be denied. A separate order will accompany this Memorandum Decision.

_____END OF DOCUMENT_____



oo00–00oo

## SERVICE LIST

Service of the foregoing **MEMORANDUM DECISION** will be effected through the Bankruptcy Noticing Center to each party listed below:

Stephen W. Rupp, Trustee
170 South Main Street, Suite 800
Salt Lake City, UT 84101


Todd Rasmussen
Dannette Rasmussen
192 Crystal Bay Drive
Stansbury Park, UT 84074


U.S. Trustee's Office
405 South Main Street, Suite 300
Salt Lake City, UT 84101